Hardy Slayton v. The State.

No. 3297.   Decided May 16, 1906.

**Rape of Female Under Age of Consent—Charge of Court.**

Where upon trial for rape the jury came into court and propounded the question whether they had a right to reject a part of a witness' testimony and accept the other part, and the court referred them to his general charge informing the jury that they were the exclusive judges of the credibility of the witnesses, and refused the requested charge that the jury were not authorized to convict upon the testimony of a witness who had sworn falsely, there was no error.

Appeal from the District Court of Henderson.   Tried below before the Hon. B. H. Gardner.

Appeal from a conviction of rape on a female under the age of 15 years; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*John S. Prince*, for appellant.—Conn v. State, 11 Texas Crim. App., 398.

*J. E. Yantis*, Assistant Attorney-General, for the State.—Ship v. State, 11 Texas Crim. App., 46.

HENDERSON, Judge.—Appellant was convicted of rape on a girl under the age of 15 years, and his punishment fixed at five years confinement in the penitentiary; hence this appeal.

It is not necessary to notice appellant's application for continuance, inasmuch as the absent witness came into court and testified for appellant.

Appellant contends that the court should have given his special requested instruction, when the jury came in and propounded to the court the following question: "Has this jury the right to reject a part of a witness' testimony and accept the other part as a fact, i. e., if this jury believes a witness has sworn falsely on the part of the testimony, can they reject that and accept the other?" The court in response to said question gave the following instruction: "In answer to your question you are instructed to read the last paragraph of the regular charge, which is the only answer I can give you." This last paragraph of the court's charge was in the ordinary form, informing the jury that the credibility of the witnesses was exclusively with them. The requested instruction was to the effect: "If the jury find that a witness has sworn falsely then such witness is not a credible witness, and you would not be authorized to convict upon the testimony of such witness alone." In our opinion the response of the court was a proper one, and left the consideration of the credit they would give to the witness exclusively to the jury, where the law left it. The requested charge, it occurs to us, would have been on the weight of the

evidence, because as a matter of law, it is not correct to inform the jury that if a witness has sworn falsely as to one matter, such witness is not a credible witness. The credit of the witness being exclusively the province of the jury they could believe or disbelieve a part of the testimony of such witness.

Appellant strenuously insists that the verdict of the jury cannot be sustained on the testimony. We have examined the record carefully in this respect, and without reviewing the evidence here, in our opinion it is sufficient to authorize the verdict. The judgment is affirmed.

*Affirmed.*